**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

KESNER JUNIOR LIBERAL,

        Plaintiff,

 v.

EDUARDO R. ESTRADA, individually and in his capacity as a Menlo Park police officer, *et al.*,

        Defendants.

No. C 07-00024 SBA

**ORDER**

This matter arises from a 1:40 a.m. traffic stop and subsequent handcuffing, detention, and vehicle search, on October 25, 2005, in the City of Menlo Park. The stop was allegedly predicated on plaintiff's vehicle having tinted front side windows in violation of sections 26708(a)(1) and 276708.5 of the California Vehicle Code. On January 3, 2007, plaintiff sued seven agents of the Menlo Park Police Department and sued the City of Menlo Park for violating his civil rights under 42 U.S.C. § 1983. He also alleged assault, battery, negligence, negligent infliction of emotional distress, intentional infliction of severe emotional distress, false imprisonment, and a violation of section 52.1 of the California Civil Code. Plaintiff alleged his stop lacked probable cause, his detention was unreasonably long, the force used was unreasonable, and the search of his vehicle was unreasonable. He also alleged defendants discriminated against him on the basis of his race.

On July 10, 2008, defendants filed for summary adjudication, asserting that they were qualifiedly immune, plaintiff had failed to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and California immunities or privileges barred his state claims. On October 17, 2008, the Court ruled that defendants had not engaged in any racial discrimination and that plaintiff had failed to state a *Monell* claim. With regards to his § 1983 claims, the Court found some defendants were entitled to qualified immunity regarding the stop, force used, and search, but some defendants were not. The Court also found no defendants were entitled to qualified immunity for the length of the detention. With regards to each state claim, other than false imprisonment, the

1  Court found some defendants were entitled to summary adjudication, but some defendants were not.
2  For the false imprisonment claim, the Court found no defendants were entitled to summary
3  adjudication.
4        On October 27, 2008, the individual defendants filed a Notice of Appeal [Docket No. 82]
5  challenging the Court's denial of qualified immunity. The issue of whether they are qualifiedly
6  immune also directly relates to whether or not their conduct was privileged under state law. Thus, a
7  determination on appeal could very well determine whether or not this matter may proceed to trial.
8  As such, the Court VACATES the pre-trial conference set for October 28, 2008 at 1:00 p.m. and the
9  trial date set for November 3, 2008 at 8:30 a.m. Further, the Court STAYS this matter until the
10 Ninth Circuit issues a mandate in the individual defendants' appeal.

        IT IS SO ORDERED.

        October 28, 2008                         _____
                                                 Saundra Brown Armstrong
                                                 United States District Judge